613 P.2d 1274

The STATE of Arizona, Appellee,

v.

Richard R. MENDIBLES, Appellant.

No. 2 CA–CR 1944–3.

Court of Appeals of Arizona,
Division 2.

April 14, 1980.

Rehearing Denied May 21, 1980.

Review Denied June 17, 1980.

Robert K. Corbin, Atty. Gen., by William J. Schafer, III, and Robert S. Golden, Asst. Attys. Gen., Phoenix, for appellee.

Charles L. Weninger, Tucson, for appellant.

## OPINION

RICHMOND, Judge.

Appellant Richard R. Mendibles was charged by indictment with aggravated assault, first degree burglary, and kidnapping. The state alleged all three charges to be felonies of a dangerous nature involving the use or exhibition of a deadly weapon or dangerous instrument, and two prior felony convictions. Appellant was found not guilty by a jury of each charge in the indictment but guilty of the lesser included offenses of assault and unlawful imprisonment. The jury answered no to an interrogatory whether a dangerous instrument (a knife) had been used. Appellant admitted the prior convictions during cross-examination.

This appeal from the conviction of unlawful imprisonment and the sentence imposed is based on subsection C of A.R.S. § 13–1303, which provides:

C. Unlawful imprisonment is a class 6 felony unless the victim is released voluntarily by the defendant without physical injury in a safe place prior to arrest in which case it is a class 1 misdemeanor.

Mendibles received the presumptive sentence for a nondangerous and repetitive class 6 felony of 3.75 years. On appeal he contends it was error not to submit to the jury a special interrogatory whether the victim was released voluntarily without physical injury in a safe place prior to arrest, and that in any event the evidence was insufficient to support sentencing for a class 6 felony. We reject both contentions and affirm the judgment.

The incident giving rise to the charges occurred at the home of the victim's parents, where she had been living with Mendibles for several months. A few days earlier, however, she had left him and Mendibles had moved out of the house. On the day in question he entered the house and followed the victim into a bedroom where he encountered another man. He testified that he ordered the man to leave, then told the victim to come with him to his sister's house. As they were walking from one house to the other she tried to run away.

Mendibles chased her and seized her by the hair. She dropped to the ground and Mendibles held on to her hair as he told her to get up and come with him. The victim's cries attracted the attention of a neighbor who intervened on her behalf. At that point the victim jumped over a fence and went into a house, where she called the police. Mendibles was arrested several blocks away.

At sentencing the trial court indicated it had refused to submit the requested interrogatory because there was no evidence the victim was released voluntarily. We agree. Whether Mendibles voluntarily loosened his hold when a third party intervened is not the question. The evidence is undisputed that he was taking the victim to his sister's house against her will. There is no evidence he ever abandoned that intention. The victim was not released, voluntarily or otherwise. She escaped by jumping over a fence and going into a house.

Affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.