713 P.2d 335

**The STATE of Arizona, Appellant,**

v.

**Francis John STERLING, Appellee.**

**No. 2 CA–CR 3990.**

Court of Appeals of Arizona,
Division 2, Department A.

Dec. 19, 1985.

Stephen D. Neely, Pima Co. Atty. by Bill Perry, Tucson, for appellant.

Frederic J. Dardis, Pima Co. Public Defender by Regula Case, Tucson, for appellee.

HOWARD, Judge.

Defendant was found guilty by a jury of kidnapping and, pursuant to an interrogatory submitted to the jury by the trial court, the jury also found that the defendant had not released the victim unharmed in a safe place prior to arrest.[1] Defendant's motion for a new trial, wherein he

---

1. A.R.S. § 13–1304(B) states:
   "Kidnapping is a class 2 felony unless the victim is released voluntarily by the defend-

ant without physical injury in a safe place prior to arrest ...."

asked that the crime be reduced to a class 4 felony because of a constitutional error in the interrogatory, was denied and he was sentenced by the trial court on April 18, 1985, to 5.25 years' imprisonment.

On April 30, twelve days later, the defendant moved, pursuant to Rule 24.2, Rules of Criminal Procedure, 17 A.R.S., to vacate the judgment on the grounds previously urged, to-wit, that the interrogatory submitted to the jury impermissibly shifted the burden of proof to the defendant. The trial court agreed with him, vacated the judgment and ordered a new trial.

The state contends that: (1) the trial court was without jurisdiction to grant a new trial; (2) the instruction was not constitutionally infirm and (3) the trial court should not have vacated both the judgment of guilt and sentence and granted a new trial but, instead, should have vacated the sentence and resentenced defendant for conviction of a class 4 felony. We disagree with the first two contentions, but agree with the last one.

■ Rule 20(b), Rules of Criminal Procedure, 17 A.R.S., states:

"A motion for judgment of acquittal made before verdict may be renewed by a defendant within 10 days after the verdict was returned."

The state contends that defendant's motion in this case was, in reality, a motion to vacate the judgment and points to certain language in the judge's minute entry dealing with the weight of the evidence. The state's argument is entirely misconceived and based upon its belief that the trial court vacated the motion solely on evidentiary grounds and did not find any constitutional error in the interrogatory submitted to the jury. This is plainly untrue. In the minute entry granting a new trial, the trial court found that it had committed fundamental error in shifting the burden of proof to the defendant. Rule 24.2(a)(3), Rules of Criminal Procedure, 17 A.R.S., grants the trial court the power, upon a motion made no later than 60 days after entry of judgment, to vacate a judgment if the conviction was obtained in violation of

the United States or Arizona Constitutions. The trial court here was clearly acting within its jurisdiction.

The form of verdict which the jury eventually filled out and returned was as follows:

"We, the Jury, duly impaneled and sworn in the above-entitled action, upon our oaths, do find the defendant _____ of KIDNAPPING.

We the Jury find that the victim was released voluntarily by the defendant without physical injury in a safe place prior to his arrest.

___ TRUE BEYOND A REASONABLE DOUBT

___ NOT TRUE"

In regard to this form of verdict the jury was instructed as follows:

"You will be given two forms of verdict and what I want to do is read them and explain how to use them, okay ... First form of verdict, we the jury duly impanelled and sworn in the above entitled action upon our oath do find the defendant, then there's a blank of kidnapping.

If you find the defendant guilty of this count, you must then answer the second question.

We the jury find that the victim was released voluntarily by the defendant without physical injury in a safe place prior to his arrest. And then there's a blank, true beyond a reasonable doubt, and a blank, not true. And your foreperson, whatever the jury decides, will check whichever blank it is and then sign the form of verdict."

The jury filled in the word "guilty" as to the kidnapping and checked "not true" in answer to the interrogatory.

■ Citing *State v. Jung*, 19 Ariz.App. 257, 506 P.2d 648 (1973), the state contends that A.R.S. § 13–1304(B) merely creates a statutory exception and that since the issue of the voluntary release is a matter of defense, the interrogatory does not improperly shift the burden of proof. We do not agree.

In *State v. Jung,* supra, the defendant was charged with unlawful possession of narcotics for sale. He contended that the state failed to carry its burden of proof because it did not prove that he did not possess a license for sale of narcotics. We held that the state is not required to negative statutory exceptions where such exceptions are a matter of defense and not an ingredient of the offense. Here, however, the voluntary release by the defendant without physical injury of the victim in a safe place prior to arrest is an element of the offense of second-degree kidnapping. Cf. *State v. Hunter,* 102 Ariz. 472, 433 P.2d 22 (1967) (time of day in which burglary takes place is an actual element of the crime and is important in the determination of defendant's punishment). The state had the burden of proving, beyond a reasonable doubt, that the victim was not released voluntarily by the defendant without physical injury in a safe place prior to his arrest. The interrogatory, with its two possible responses, shifted the burden of proof to the defendant, thus violating his due process rights. See *State v. Lopez,* 134 Ariz. 469, 657 P.2d 882 (App.1982). Such a shift constitutes fundamental reversible error. *State v. Mincey,* 130 Ariz. 389, 636 P.2d 637 (1981), cert. denied, 455 U.S. 1003, 102 S.Ct. 1638, 71 L.Ed.2d 871 (1982).

■ We do agree with the state that the trial court should not have set aside the conviction of kidnapping. As can be seen from the instructions, the jury first had to find the defendant guilty of kidnapping before it decided whether it was second-degree kidnapping. We find that there is no connection between the interrogatory and the elements of the substantive offense which would require that the conviction also be set aside. The elements of kidnapping as charged in the instant case and as set forth in A.R.S. § 13–1304(A)(3) were: knowingly restraining another person with the intent to inflict death, physical injury or a sexual offense upon her. The jury was instructed properly on those elements and returned its guilty verdict. That verdict should stand, and the trial court should

simply have reduced the offense to a class 4 felony. Cf. *State v. Hunter,* supra.

The order setting aside the judgment of guilt is vacated, and the case is remanded to the trial court with instructions to reinstate the guilty verdict as to kidnapping, a class 4 felony, and for resentencing.

BIRDSALL, P.J., and FERNANDEZ, J., concur.