SUPREME COURT OF ARIZONA
En Banc

| | | |
|---|---|---|
| STATE OF ARIZONA | ) | Arizona Supreme Court |
| ex rel. RICHARD M. ROMLEY, | ) | No. CV-04-0321-SA |
| Maricopa County Attorney, | ) | |
| | ) | |
| Petitioner, | ) | Court of Appeals |
| | ) | Division One |
| v. | ) | No. 1 CA-SA 04-0199 |
| | ) | |
| HON. BRIAN R. HAUSER, JUDGE OF | ) | Maricopa County |
| THE SUPERIOR COURT OF THE STATE | ) | Superior Court |
| OF ARIZONA, in and for the | ) | No. CR2004-012682-001DT |
| County of Maricopa, | ) | |
| | ) | |
| Respondent, | ) | **O P I N I O N** |
| and | ) | |
| | ) | |
| MARK D. DANCY, aka SHAWN WOODS, | ) | |
| | ) | |
| Real Party in Interest. | ) | |
| _____ | ) | |

Special Action from the Superior Court of Maricopa County
The Honorable Brian R. Hauser, Judge
No. CR2004-012682-001DT

**JURISDICTION ACCEPTED, RELIEF GRANTED**

_____

RICHARD M. ROMLEY, FORMER MARICOPA COUNTY ATTORNEY          Phoenix
ANDREW P. THOMAS, MARICOPA COUNTY ATTORNEY
     By: Gerald R. Grant, Deputy County Attorney
Attorneys for Petitioner

JAMES J. HAAS, MARICOPA COUNTY PUBLIC DEFENDER              Phoenix
     By: Edith M. Lucero, Deputy Public Defender
Attorneys for Real Party in Interest

Gregory T. Parzych                                            Mesa
Attorney for Amicus Curiae
Arizona Attorneys for Criminal Justice

_____

**H U R W I T Z**, Justice

¶1     Real party in interest Mark Dancy was indicted for theft of a means of transportation, a class three felony, in violation of Arizona Revised Statutes ("A.R.S.") § 13-1814 (2001).  The State amended the indictment to allege prior offenses for purposes of sentencing enhancement under A.R.S. § 13-702.02 (2001).  The amendment alleged that Dancy had committed theft, a class six felony, on February 24, 1991, for which he was convicted on July 22, 1999, and possession of marijuana, also a class six felony, on April 28, 1994, for which he was convicted on January 21, 1997.

¶2     Dancy moved to strike these allegations because the prior convictions involved offenses committed more than five years before the current alleged offense and thus could not be used for sentence enhancement under A.R.S. § 13-604(V)(2)(c) (Supp. 2004).  The State argued in response that the time limits in § 13-604(V)(2)(c) do not apply to sentence enhancement under § 13-702.02.  The superior court granted Dancy's motion and stayed the trial pending the resolution of the State's special action petition.  The court of appeals declined special action jurisdiction and the State filed a special action petition in this court.

¶3     We accepted jurisdiction of the State's petition because the issue is one of statewide importance, is likely to

2

recur, and the State has no adequate remedy by appeal. *See* Ariz. R.P. Spec. Act. 8(a).[1] We have jurisdiction pursuant to Article 6, Section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24 (2003).

## I.

¶4 The sole issue before us is whether a prior felony conviction that falls outside the definition of a "historical prior felony conviction" in A.R.S. § 13-604(V) may nonetheless be used for sentence enhancement under § 13-702.02. We review decisions involving statutory construction *de novo*. *State v. Christian*, 205 Ariz. 64, 66 ¶ 6, 66 P.3d 1241, 1243 (2003). In such cases "we begin with the text of the statute. This is so because the best and most reliable index of a statute's meaning is the plain text of the statute." *Id*.

## II.

¶5 Section 13-702.02(A) provides:

A person who is convicted of two or more felony offenses that were not committed on the same occasion

---

[1] Although we exercised our discretion to accept jurisdiction of the State's special action petition, we stress that, in the absence of "exceptional circumstances," the refusal of the court of appeals to take jurisdiction of a special action "shall be reviewed by the Supreme Court only upon petition for review." Ariz. R.P. Spec. Act. 8(b). The fact that time is of the essence is in itself normally not an exceptional circumstance justifying the filing of a new special action petition in this court after denial of jurisdiction by the court of appeals. *Id.*, Court Cmt. [2000 Amendment]. In such cases, the proper procedure is to file a petition for review with a motion seeking expedited consideration. *Id.*

3

> but that either are consolidated for trial purposes or are not historical prior felony convictions as defined in section 13-604 shall be sentenced, for the second or subsequent offense, pursuant to this section.

¶6        Under this subsection, two distinct types of felony convictions trigger the sentencing enhancement provisions of § 13-702.02: (1) those that "were not committed on the same occasion" but "are consolidated for trial purposes" and (2) those that "were not committed on the same occasion" and "are not historical prior felony convictions as defined in section 13-604." *See State v. Thompson*, 200 Ariz. 439, 441 ¶ 9, 27 P.3d 796, 798 (2001).

¶7        This case does not involve offenses consolidated for trial purposes.  Therefore, the only question is whether the alleged prior felony offenses "are not historical prior felony convictions as defined in section 13-604."

¶8        Section 13-604 provides enhanced sentences for defendants who are convicted of a felony and have a "historical prior felony conviction."  As we have previously explained, whether a prior felony conviction falls within the definition of "historical prior felony conviction" in § 13-604(V) generally depends on the seriousness and age of the prior offense. *See Christian*, 205 Ariz. at 66-67 ¶¶ 7-8, 66 P.3d at 1243-44.  At issue in this case is § 13-604(V)(2)(c), which defines "historical prior felony conviction" in relevant part as "[a]ny

4

class 4, 5 or 6 felony . . . that was committed within the five years immediately preceding the date of the present offense."

¶9        The amended indictment alleges two prior convictions for class six felonies; each prior offense was committed more than five years preceding the date of the offense alleged in this case.  Thus, Dancy's two prior felony convictions "are not historical prior felony convictions as defined in section 13-604."  *See Thompson*, 200 Ariz. at 441 ¶ 9, 27 P.3d at 798 ("[W]hen felonies are tried together, any enhancement must be pursuant to A.R.S. § 13-702.02.  Additionally, any prior offense that predates the present offense by more than the period prescribed by A.R.S. § 13-604(V)(1)(b) or (c) [now (V)(2)(b) or (c)] is covered by A.R.S. § 13-702.02.").  The plain language of § 13-702.02 thus provides that Dancy can be sentenced, if convicted of the current theft charge, pursuant to that statute.

### III.

¶10        "When the plain text of a statute is clear and unambiguous there is no need to resort to other methods of statutory interpretation to determine the legislature's intent because its intent is readily discernable from the face of the statute."  *Christian*, 205 Ariz. at 66 ¶ 6, 66 P.3d at 1243.  Dancy nonetheless argues that application of the enhancement provisions of § 13-702.02 to his case would be contrary to the legislature's intent and would lead to an absurd result.

5

**A.**

¶11      Dancy contends that the history of the statutory scheme demonstrates that the legislature did not intend § 13-702.02 to allow sentence enhancement on the basis of offenses falling outside the time limitations of § 13-604(V).  To the contrary, the statutory history is quite consistent with the statute's plain language.

¶12      Under the version of A.R.S. § 13-604 in effect prior to 1993, a defendant convicted of multiple offenses not committed on the same occasion but consolidated for trial could be sentenced as a repeat offender.  *See* A.R.S. § 13-604(H) (1989) ("Convictions for two or more offenses not committed on the same occasion but consolidated for trial purposes, may, at the discretion of the state, be counted as prior convictions for purposes of this section.").

¶13      In 1993, the legislature eliminated the "consolidated for trial" provision of § 13-604(H) (and redesignated this subsection as § 13-604(M)), and thus put an end to sentence enhancement under § 13-604 for "prior" convictions occurring at the same trial.  1993 Ariz. Sess. Laws, ch. 255, § 7; *see Thompson*, 200 Ariz. at 441 ¶ 8, 27 P.3d at 798 (discussing legislative history).[2]  But, instead of allowing a defendant to

_____

[2]   The 1993 amendments made a number of other significant changes to the statutory framework.  Among other changes, the

6

avoid all sentence enhancement from a "prior" conviction obtained at the same trial as the principal offense, the legislature created a new statute, A.R.S. § 13-702.02, providing for a less punitive range of enhancement when a defendant "is convicted of two or more felony offenses not committed on the same occasion but consolidated for trial purposes."  1993 Ariz. Sess. Laws, ch. 255, § 12 (codified at A.R.S. § 13-702.02(A) (Supp. 1993)); *see Thompson*, 200 Ariz. at 441 ¶ 9, 7 P.3d at 798 (discussing legislative history).

---

legislature enacted revised time limits on the use of prior convictions for sentence enhancement under § 13-604.  1993 Ariz. Sess. Laws, ch. 255, § 7 (codified at § 13-604(V)); *see Christian*, 205 Ariz. at 68 ¶ 15 n.11, 66 P.3d at 1245.  The legislature also changed the relevant inquiry with respect to the time limits.  Before 1993, the relevant measurement was from the date of the prior conviction to the date of the present offense.  *See* A.R.S. § 13-604(A) (1989) ("[A] person who . . . stands convicted of a class 3, 4, or 5 felony . . . and who has previously been convicted of any felony within ten years next preceding the date of the present offense.").  Since 1993, the relevant measurement has been from the date of the prior offense to the date of the present offense.  *See* A.R.S. § 13-604(V)(2)(b) ("Any class 2 or 3 felony . . . that was committed within the ten years immediately preceding the date of the present offense."); A.R.S. § 13-604(V)(2)(c) ("Any class 4, 5 or 6 felony . . . that was committed within the five years immediately preceding the date of the present offense.").  These changes to the measurement calculus were designed to eliminate so-called "*Hannah* priors."  *See State v. Hannah*, 126 Ariz. 575, 617 P.2d 527 (1980) (holding that under prior version of statute sequence of convictions, rather than offenses, determined eligibility for enhancement); *State ex rel. Collins v. Superior Court*, 142 Ariz. 280, 282, 689 P.2d 539, 541 (1984) (relying on *Hannah* for the proposition that "it [was] not necessary that the 'prior conviction' be also a prior offense").

¶14    Dancy argues that the 1993 amendments were intended to do away with sentence enhancement based on prior felony convictions not meeting the definition of "historical prior felony conviction" under what is now § 13-604(V)(2), with the sole exception of felony offenses not committed on the same occasion but consolidated for trial.  That argument accurately describes the state of the law in 1993.  But the argument does not satisfactorily explain the 1996 amendment of § 13-702.02.

¶15    In 1996, the legislature amended § 13-702.02(A) to provide:

> A person who is convicted of two or more felony offenses THAT WERE not committed on the same occasion but THAT EITHER ARE consolidated for trial purposes OR ARE NOT HISTORICAL PRIOR FELONY CONVICTIONS AS DEFINED IN SECTION 13-604 . . . shall be sentenced, for the second or subsequent offense, pursuant to this section.

1996 Ariz. Sess. Laws, ch. 123, § 2 (additions noted in capital letters) (codified at A.R.S. § 13-702.02(A) (Supp. 1996)).[3]  Thus, in 1996, § 13-702.02 enhancement was made available not only in cases of felony offenses not committed on the same occasion but consolidated for trial, but also in cases in which a prior felony conviction fell outside the § 13-604 definition of "historical prior felony conviction."

---

[3]    The only subsequent amendment to A.R.S. § 13-702.02(A) occurred in 1999, and simply removed a reference to the specific subsection of § 13-604 containing the definition of "historical prior felony conviction."  1999 Ariz. Sess. Laws, ch. 261, § 10.

8

¶16     Dancy nonetheless contends that because § 13-702.02 is entitled "Multiple offenses not committed on the same occasion," the statute is still meant to apply only when a defendant is charged with multiple offenses consolidated for trial.  This argument is unavailing.  "[H]eadings to sections . . . do not constitute part of the law."  A.R.S. § 1-212 (2002).  Although "where an ambiguity exists the title may be used to aid in the interpretation of the statute," *State v. Eagle*, 196 Ariz. 188, 190 ¶ 7, 994 P.2d 395, 397 (2000), section 13-702.02 is not ambiguous.  Moreover, any alleged inconsistency between the title and text of A.R.S. § 13-702.02 is easily explained.  The title completely and accurately described the scope of this statute when it was first enacted.  The legislature simply failed to change the title of this statute when it amended the text in 1996.  This oversight does not negate the effectiveness of the 1996 amendment.  *Cf. City of Scottsdale v. Mun. Court*, 90 Ariz. 393, 396, 368 P.2d 637, 638 (1962) (refusing to read title of statute as creating limitation that text of the statute would not support).

¶17     Second, Dancy argues that the use of a present tense verb in § 13-702.02 ("a person who *is* convicted of two or more felony offenses that were not committed on the same occasion") (emphasis added) demonstrates the legislature's intent to restrict the scope of the statute to simultaneous convictions.

9

But this argument renders the clause added in 1996 superfluous, because § 13-702.02 already applied to simultaneous convictions for offenses not committed on the same occasion. *See Bilke v. State*, 206 Ariz. 462, 464 ¶ 11, 80 P.3d 269, 271 (2003) ("The court must give effect to each word of the statute.").

¶18     Dancy also relies on the language from the legislative fact sheet for Senate Bill 1165, which became the 1996 amendment to § 13-702.02. The fact sheet suggests the following "example" of the proposed amendment's scope:

> [I]f a person commits two offenses not on the same occasion and is convicted of the second offense before being convicted of the first offense, the multiple sentencing enhancement could be used by the judge in sentencing the defendant for the first offense, for which he was convicted later.

Fact Sheet to S.B. 1165, 42nd Leg., 2nd Reg. Sess. (1996). Dancy argues that the 1996 amendment was intended to reach only such situations.

¶19     The basic problem with this interpretation is that, even assuming *arguendo* that this was the intent of whoever drafted the "fact sheet," the legislature did not in the end adopt language that was so limited. Moreover, the fact sheet simply posits the quoted language as an "example" of what the proposed amendment would cover, not as a complete description of its effects.

10

**¶20** In any event, as adopted, the 1996 amendment does not cover this hypothetical. Section 13-702.02(A) only allows enhancement of a sentence "for the second or subsequent *offense*" (emphasis added).[4] A "second or subsequent offense" is plainly one which occurs after the "prior" offense that provides the basis for sentence enhancement. *Cf*. *Thompson*, 200 Ariz. at 441 ¶ 6, 27 P.3d at 798 (recognizing that for § 13-604 enhancement "the prior offense must precede the present offense"). Conviction for the later offense therefore cannot be used under § 13-702.02 to enhance the sentence for the earlier offense, no matter when the conviction for the later offense occurs.

**¶21** Thus, Dancy's proffered interpretation once again gives no meaning to the language added to § 13-702.02 by the 1996 amendment. If the 1996 amendment is to have any meaning, it must provide that prior convictions for prior offenses that are too old to be "historical prior felony convictions" under § 13-604 can be used as the basis for an enhanced sentence under § 13-702.02.

**B.**

**¶22** Finally, Dancy claims that the State's interpretation of the 1996 amendment leads to an absurd result. *See Bilke,* 206 Ariz. at 464 ¶ 11, 80 P.3d at 271 (stating that this Court is

---

[4] This phrase was added by 1994 Ariz. Sess. Laws, ch. 236, § 4.

11

bound to apply the plain meaning of a statute, "unless application of the plain meaning would lead to impossible or absurd results"). This argument also fails.

¶23     The obvious result of the 1996 amendment was to require that those with prior felony convictions that did not trigger § 13-604 enhancement be treated differently than those with no prior felony convictions at all. Section 13-604 provides for a more punitive range of enhanced penalties for those defendants whose prior offenses are most recent, most serious, or most numerous. If the prior felony convictions do not fit the § 13-604(V)(2) parameters of recency, numerosity or seriousness (or, if the "prior" conviction comes at the same trial as the principal offense and involves an offense not committed on the same occasion), the defendant will be sentenced under the comparatively more lenient enhanced sentence ranges set forth in § 13-702.02.

¶24     This result is neither irrational nor absurd. Before 1993, the legislative scheme treated those in Dancy's position the same as those with more recent prior offenses.[5] The 1993

---

[5]    *See* A.R.S. § 13-604(B) (1989) (providing that when present offense is a class two or three felony there is no time limit on the use of a prior felony conviction for enhancement). For those charged with a class four, five, or six felony, A.R.S. § 13-604(A) (1989) provided a ten-year limit, running from the date of the prior conviction to the date of the present offense, on the use of a prior felony conviction for enhancement.

12

amendments to §§ 13-604 and 13-702.02 resulted in a statutory scheme under which those in Dancy's position were treated the same as those who had no prior felony convictions.[6] The legislature could have reasonably determined in 1996 that a middle ground between these two extremes was more desirable and that the better policy was to provide for some sentence enhancement under § 13-702.02 for those in Dancy's position while making that enhancement less onerous than that applicable under § 13-604 for those with more recent or more serious prior felony offenses. Such policy judgments are within the legislature's prerogative.

## IV.

¶25    For the reasons above, we vacate the order of the superior court striking the state's allegations of prior felony convictions for purposes of potential sentence enhancement under § 13-702.02 and remand this case to the superior court for further proceedings consistent with this opinion.

_____
Andrew D. Hurwitz, Justice

---

[6]    *See* A.R.S. § 13-604(U)(1)(c) (Supp. 1993) (defining as a "historical prior felony conviction" a "class 4, 5 or 6 felony . . . committed within the five years immediately preceding the date of the present offense"); A.R.S. § 13-702.02 (Supp. 1993) (providing for enhancement only for persons "convicted of two or more felony offenses not committed on the same occasion but consolidated for trial purposes").

13

CONCURRING:

_____

Charles E. Jones, Chief Justice


_____

Ruth V. McGregor, Vice Chief Justice


_____

Rebecca White Berch, Justice


_____

Michael D. Ryan, Justice

14