742 P.2d 823

**The STATE of Arizona, Appellee,**

v.

**Merle Richard McMILLEN, Appellant.**

**No. 2 CA–CR 4288.**

Court of Appeals of Arizona,
Division 2, Department A.

March 24, 1987.

Reconsideration Denied May 12, 1987.

Review Denied Sept. 15, 1987.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Janet Keating, Phoenix, for appellee.

Frederic J. Dardis, Pima County Public Defender by Rebecca A. McLean, Tucson, for appellant.

## OPINION

FERNANDEZ, Judge.

Appellant Merle McMillen was sentenced to an aggravated term of 10 years after a jury conviction of the crime of attempted kidnapping, a class 3 felony. We agree with appellant's contention that he was sentenced under the wrong class of felony and remand for resentencing.

Appellant was seen driving slowly near the area of Blenman Elementary School in Tucson on January 30, 1985, wearing a ski mask. Tucson police officer Richardson stopped appellant and inquired about his expired license plate. Appellant produced a temporary drive-out sticker from the glove compartment. The officer advised appellant that he was required to display the sticker in his rear window. The officer

also spoke to appellant about reports that he had been following and photographing children in the neighborhood. Appellant told the officer that what he was doing was not against the law and that he was doing it because it "turned him on." Appellant then voluntarily went with the officer to have his picture taken by an identification technician.

The next day the officer returned to the neighborhood in response to reports that appellant's automobile had again been seen there. The officer stopped appellant and cited him for failure to properly display his drive-out sticker. The officer again saw the ski mask that he had seen the day before in appellant's car and told appellant to stay away from the schools and from children. Appellant was angry that he received the citation and again told the officer he had broken no laws and there was nothing the officer could do to him.

On January 30, a seven-year-old female student at Blenman School stayed late after school to play with her friends. As she was walking home alone, she saw a car driving very slowly in the same direction she was walking, whose driver was wearing a ski mask. The driver opened the car door near the child and told her to get in. The child ran away and hid but saw his car pass by three more times. When he left, she ran home and told her mother. Appellant admitted he had seen the child and that he was wearing a ski mask at the time, but he denied asking her to get into his car. Appellant also admitted watching the child, as well as other children, with binoculars.

Appellant was charged with attempted kidnapping and attempted child molestation. The jury found him guilty of attempted kidnapping but acquitted him of attempted child molestation. On appeal, appellant claims 1) there was insufficient evidence to support his conviction for attempted kidnapping, 2) it was fundamental error for the court to fail to instruct on the lesser-included offense of attempted unlawful imprisonment, 3) it was fundamental error to fail to instruct the jury on the offense of attempted kidnapping when the

victim is released unharmed, and 4) his sentencing was illegal since it violates both the Eighth and Fourteenth Amendments to the United States Constitution.

## SUFFICIENCY OF THE EVIDENCE

█ Appellant argues that there was insufficient evidence to support the attempted kidnapping conviction. The statutory definition of attempt, when applied to kidnapping, requires the intent to kidnap and the taking of any step in a course of conduct planned to culminate in kidnapping. A.R.S. §§ 13–1001 and 13–1304. The necessary step can be a verbal statement when considered in the circumstances in which it was uttered. *State v. Fristoe*, 135 Ariz. 25, 658 P.2d 825 (App.1982). Appellant's statement telling the child to get in the car, when taken together with the evidence that he had been watching, photographing and following children and his statement to the officer that that "turned him on," is evidence of a substantial step in a course of criminal conduct.

█ In evaluating the sufficiency of the evidence on appeal, the reviewing court will not engage in reweighing the evidence. *State v. Tison*, 129 Ariz. 546, 633 P.2d 355 (1981), cert. denied, 459 U.S. 882, 103 S.Ct. 180, 74 L.Ed.2d 147 (1982). Rather, this court will view the evidence in the light most favorable to sustaining the conviction and resolve all reasonable inferences against a defendant. *State v. Tison*, supra. Reversal is not warranted unless there is a complete absence of probative evidence supporting the verdict. *State v. Girdler*, 138 Ariz. 482, 675 P.2d 1301 (1983), cert. denied, 467 U.S. 1244, 104 S.Ct. 3519, 82 L.Ed.2d 826 (1984). We find sufficient evidence to support the conviction.

## UNLAWFUL IMPRISONMENT

█ Although appellant never requested an instruction on the lesser-included offense of attempted unlawful imprisonment, he now contends the court committed fundamental error by not *sua sponte* instructing thereon. Our standard of review in non-capital cases is that, "unless failure to instruct the jury would fundamentally violate defendant's right to a fair trial, the

court is under no obligation to give the charge, absent a request." *State v. Lucas*, 146 Ariz. 597, 604, 708 P.2d 81, 88 (1985). Since appellant's ability to conduct his defense was not interfered with by the court's failure to instruct on attempted unlawful imprisonment, we find no fundamental error.

## CLASSIFICATION OF ATTEMPTED KIDNAPPING

Appellant contends that the court should have instructed the jury on the lesser-included offense of attempted kidnapping, a class 5 felony. The kidnapping statute applicable on the date this offense occurred, A.R.S. § 13–1304, provided in pertinent part:

> B. Kidnapping is a class 2 felony unless the victim is released voluntarily by the defendant without physical injury in a safe place prior to arrest and prior to accomplishing any of the further enumerated offenses in subsection A of this section in which case it is a class 4 felony.

We have previously held that in order to obtain a conviction for the class 2 felony, the state must prove beyond a reasonable doubt that the defendant did not voluntarily release the victim. *State v. Sterling*, 148 Ariz. 134, 713 P.2d 335 (App.1985).

Under A.R.S. § 13–1001, an attempt conviction is designated one degree lower than the completed offense. Appellant was convicted and sentenced for attempted kidnapping, designated as a class 3 felony. Since there was no evidence that the child was ever restrained, and therefore no evidence that she was not voluntarily released, appellant contends that he was entitled to an instruction on what he terms the lesser-included offense of attempted kidnapping, a class 5 felony.

In our view, however, the issue is not whether a lesser-included offense instruction was required but rather the appropriate classification of the offense of attempted kidnapping. There can be no voluntary release of a kidnap victim unless the person has in fact been restrained; that is, unless the offense has been completed. It would therefore be impossible to attempt to commit a class 2 kidnapping. We hold

that there is only one form of attempted kidnapping and that it must be designated as a class 5 felony. To hold otherwise would produce the absurd result that the defendant would fare better if he completed the offense and then released the victim, resulting in a conviction for a class 4 felony, rather than if he stopped at the attempt stage, resulting in a conviction for a class 3 felony. Although the trial court erred, the error was not in its instructions to the jury, but rather in sentencing. We therefore affirm the conviction but remand for resentencing on a conviction for a class 5 felony.

In view of our ruling, it is unnecessary to consider appellant's arguments on the Eighth and Fourteenth Amendments.

HATHAWAY, C.J., and HOWARD, P.J., concur.