931 P.2d 1113

STATE of Arizona, Petitioner,

v.

William Oris RAINWATER, Respondent.

No. 1 CA–CR 95–0589–PR.

Court of Appeals of Arizona,
Division 1, Department C.

July 18, 1996.

Review Granted Feb. 26, 1997.

Richard M. Romley, Maricopa County Attorney by Diane E. W. Gunnels, Deputy County Attorney, Phoenix, for Petitioner.

Dean M. Trebesch, Maricopa County Public Defender by Stephen R. Collins, Deputy Public Defender, Phoenix, for Respondent.

## OPINION

FIDEL, Judge.

In *State v. McMillen,* 154 Ariz. 322, 742 P.2d 823 (App.1987), Division Two of this court concluded that attempted kidnapping is cognizable only as a class 5 felony. We reject that holding in this case.

William Oris Rainwater, indicted for first degree murder, assault, and kidnapping, pled guilty to attempted kidnapping, described in his plea agreement as a "class 3 dangerous felony." Rainwater was sentenced in September 1994 to an aggravated ten-year prison term.

In December 1994, Rainwater petitioned for post-conviction relief, alleging that he had been illegally sentenced for a class 3 dangerous felony. He relied on *McMillen's* pronouncement that "there is only one form of attempted kidnapping and that it must be designated as a class 5 felony." 154 Ariz. at 324, 742 P.2d at 825. Obliged to follow *McMillen,* the trial court granted Rainwater's petition and ordered that he be resentenced for a class 5 dangerous felony.[1] The State petitions for review, arguing that, despite the broad language of *McMillen,* the class 3 felony sentence was properly imposed. The trial court stayed resentencing pending our decision. We take review and grant relief.

1. We conclude in the course of this opinion that the offense was properly designated a class 3 felony all along. We note, however, that if the offense had been misdesignated, the proper remedy would not have been resentencing, but rather, as specified in paragraph four of the plea agreement, to vacate the agreement and reinstate the original charge. *See State v. Sanchez,* 174 Ariz. 44, 48, 846 P.2d 857, 861 (App.1993).

2. A.R.S. § 13–1301(2) provides:
 "Restrain" means to restrict a person's movements without consent, without legal authority,

Arizona Revised Statutes Annotated ("A.R.S.") § 13–1304 (1989) states in pertinent part:

**Kidnapping; classification; consecutive sentence**

**A.** A person commits kidnapping by knowingly restraining another person with the intent to:

. . . .

3. Inflict death, physical injury or a sexual offense on the victim, or to otherwise aid in the commission of a felony;

. . . .

**B.** Kidnapping is a class 2 felony unless the victim is released voluntarily by the defendant without physical injury in a safe place prior to arrest and prior to accomplishing any of the further enumerated offenses in subsection A of this section in which case it is a class 4 felony.

In *McMillen,* defendant was convicted of attempted kidnapping and sentenced for a class 3 felony. The defendant, wearing a ski mask, followed a seven-year-old child from school, opened his car door, and asked her to get in. 154 Ariz. at 323, 742 P.2d at 824. The child ran away, and the defendant was arrested. *Id.* There was no evidence that the victim was "restrained," as that term is statutorily defined.[2]

The *McMillen* court observed that, to obtain a conviction for kidnapping as a class 2 felony, "the state must prove beyond a reasonable doubt that the defendant did not voluntarily release the victim." *Id.* at 324, 742 P.2d at 825. Reasoning that attempted kidnapping must be a crime of a lesser order than a completed kidnapping and release, the court stated:

and in a manner which interferes substantially with such person's liberty, by either moving such person from one place to another or by confining such person. Restraint is without consent if it is accomplished by:
 (a) Physical force, intimidation or deception; or
 (b) Any means including acquiescence of the victim if the victim is a child less than eighteen years old or an incompetent person and the victim's lawful custodian has not acquiesced in the movement or confinement.

There can be no voluntary release of a kidnap victim unless the person has in fact been restrained; that is, unless the offense has been completed. It would therefore be impossible to attempt to commit a class 2 kidnapping. We hold that there is only one form of attempted kidnapping and that it must be designated as a class 5 felony. To hold otherwise would produce the absurd result that the defendant would fare better if he completed the offense and then released the victim, resulting in a conviction for a class 4 felony, rather than if he stopped at the attempt stage, resulting in a conviction for a class 3 felony.

*Id.*

This case demonstrates why it is not "impossible to attempt to commit a class 2 kidnapping." *Cf. id.* At the change of plea proceeding, the court adduced the "strong evidence" of guilt necessary to furnish a factual basis for Rainwater's plea. *See State v. Salinas,* 181 Ariz. 104, 106, 887 P.2d 985, 987 (1994). Rainwater admitted that, at the direction of codefendants, he restrained Todd M. Reese at gunpoint after the victim came to his mobile home. When the codefendants arrived, they removed Reese from Rainwater's home and murdered him outside Rainwater's presence. These facts established Rainwater's guilt of the completed offense of kidnapping. Because attempted kidnapping is necessarily a lesser included offense of kidnapping, the court properly entered judgment on that bargained-for, lesser, charge. *See* A.R.S. § 13–110; *State v. Sanchez,* 174 Ariz. 44, 45, 846 P.2d 857, 858 (App.1993). Because of the penalty scheme applicable to attempted offenses, Rainwater was properly sentenced for a class 3 felony. *See* A.R.S. § 13–1001(C)(2). And because Reese was murdered, not safely released, Rainwater was entitled to no further reduction in penalty.

We see nothing anomalous in this result. Subsection 13–1304(B), treating the safety of a kidnapping victim as paramount, offers a two-step reduction in penalty classification as an incentive for the victim's release unharmed. But when the victim was never restrained, there is no need for such an incentive, nor any occasion for application of the two-step reduction of subsection (B).

We need not broadly hold, however, that attempted kidnapping must always be classified as a class 3 felony. When a defendant has completed the offense of kidnapping, voluntarily and safely released the victim, and then entered a negotiated plea to attempted kidnapping, the defendant may well be entitled to a class 5 felony designation, embodying both the release-driven penalty reduction provided by A.R.S. § 13–1304(B) and the penalty reduction generally applicable to attempted offenses. But those circumstances are not present here. Consequently, we hold only that attempted kidnapping is cognizable as a class 3 felony and that Rainwater's plea to that offense was factually supported.

We grant the State relief by vacating the trial court's order that respondent be resentenced.

LANKFORD and SULT, JJ., concur.