943 P.2d 727

**William Oris RAINWATER, Petitioner,**

v.

**STATE of Arizona, Respondent.**

No. CR–96–0506–PR.

Supreme Court of Arizona,
En Banc.

Aug. 12, 1997.

Dean M. Trebesch, Maricopa County Public Defender by Stephen R. Collins, Deputy Public Defender, Phoenix, for Petitioner.

Richard M. Romley, Maricopa County Attorney by Diane E.W. Gunnels, Deputy County Attorney, Phoenix, for Respondent.

## OPINION

JONES, Vice Chief Justice.

We are presented with conflicting opinions between Divisions One and Two of the Court of Appeals. In *State v. McMillen,* 154 Ariz. 322, 742 P.2d 823 (Ariz.App.1987), Division Two held that the crime of attempted kidnapping is cognizable in Arizona solely as a class 5 felony. In the instant case, Division One expressly rejected the Division Two holding based upon its own determination that the defendant, having entered a plea of guilty to attempted kidnapping, was properly convicted of a class 3 felony. *State v. Rainwater,* 187 Ariz. 603, 931 P.2d 1113 (Ariz.App.1996). We granted review pursuant to Rule 31.19 of the Arizona Rules of Criminal Procedure and have jurisdiction under Arizona Constitution, article VI, section 5(3).

## FACTS AND PROCEDURAL HISTORY

Defendant William Oris Rainwater restrained Todd Reese at gunpoint at the direction of codefendants after Reese came to defendant's mobile home. When the codefendants arrived, they took Reese from defendant's home and murdered him outside defendant's presence.

Defendant was indicted for first degree murder, assault, and kidnapping. By agreement, however, he entered a plea of guilty to attempted kidnapping as a class 3 dangerous felony. On the basis of the plea, he was sentenced in September 1994 to an aggravated ten-year prison term.

In December 1994, defendant petitioned for post-conviction relief, alleging he was sentenced illegally on the class 3 felony plea and citing a statement by Division Two in *McMillen* that "there is only one form of attempted kidnapping and that it must be designated as a class 5 felony." 154 Ariz. at 324, 742 P.2d at 825. The trial court in the instant case, applying *McMillen*, granted defendant's petition and ordered resentencing for a class 5 dangerous felony. On appeal, Division One vacated the trial court's resentencing order and reinstated the class 3 conviction. *Rainwater*, 187 Ariz. at 605, 931 P.2d at 1115. We approve the Division One analysis and hold that attempted kidnapping is cognizable as a class 3 felony. *Id.*

## DISCUSSION

■ Under A.R.S. § 13–1304(B), "[k]idnapping is a class 2 felony unless the victim is released voluntarily by the defendant without physical injury ... prior to arrest and prior to accomplishing any of the further ... offenses in subsection A of this section in which case it is a class 4 felony." The two-step reduction from class 2 to class 4 was included in Arizona's kidnapping statutes to provide incentive for the voluntary and safe pre-arrest release of victims of completed kidnapping offenses under A.R.S. § 13–1304(A).

In *McMillen*, the defendant opened his car door near a child and told her to get in. The child ran and hid until the defendant left. There was thus no completed kidnapping offense, but clearly there was an *attempt*. A jury convicted McMillen of *attempted* kidnapping as a class 3 felony. 154 Ariz. at 322, 323, 742 P.2d at 823, 824. On appeal, Division Two reasoned that because the child was unharmed, McMillen's crime, if completed, would have become a reduced class 4 felony under the incentive reduction language of section 13–1304(B). Because McMillen's conviction was for attempt, the court concluded that the offense was necessarily chargeable under A.R.S. § 13–1001[1] as a class 5 felony, one step lower. This analysis is flawed. The two-step incentive reduction cannot be applied to attempted kidnapping because, as a matter of law, the reduction presupposes that all elements of a completed kidnapping have been established such that the victim has in fact been restrained. Where, as in *McMillen*, an intentional, though failed, effort at kidnapping is established as an attempt, the attempt is subject only to the one-step-lower statutory penalty under section 13–1001.

The erroneous implication in Division Two's *McMillen* analysis is that kidnapping is presumptively a class 4 felony by reason of the two-step incentive reduction in section 13–1304(B) and is raised to class 2 if the victim is not voluntarily and safely released.[2] Such analysis, however, is contrary to the plain meaning of the statute. Kidnapping remains a class 2 felony and was made subject to the two-step reduction as an expression of legislative policy to encourage the voluntary and safe release of victims by their kidnappers before actual injury or death might occur. The incentive reduction was not intended to alter the felony class applica-

1. A.R.S. § 13–1001, Arizona's attempt statute, assigns the crime of attempt to a felony class that is one step below the class indicated for the completed offense. For example, attempt is a class 2 felony if the offense attempted is a class 1 felony, and is a class 3 felony if the offense attempted is a class 2 felony, etc. In the case at bar, where kidnapping, a class 2 felony, remains an incomplete crime but where the prerequisites of attempt are present, the attempted crime is chargeable as a class 3 felony.

2. We note the statement by Division Two in *McMillen* describing the "anomaly" that a kidnapper would be better off penalty-wise by com-

pleting the crime and thereafter releasing the victim unharmed, a class 4 offense, than by falling short of the completed crime and being charged with attempt, a class 3 offense. 154 Ariz. at 324, 742 P.2d at 825. Though such anomaly could exist, it is an anomaly created by statute and does not warrant correcting by the court. Indeed, cases of *attempted* kidnapping may well pose greater emotional or physical injury than what is envisioned by the voluntary and safe pre-arrest release of victims of the completed crime. In such cases, the result would not be anomalous.

ble to defendant in the present case, nor was it intended to affect the felony class attributable to a case of attempted kidnapping as in *McMillen.*

 Kidnapping is defined in Arizona as one or more of the offenses enumerated in A.R.S. § 13–1304(A).[3] In the case at bar, defendant admitted that he did in fact restrain the victim at gunpoint until codefendants removed him from defendant's home and murdered him. *Rainwater,* 187 Ariz. at 605, 931 P.2d at 1115. Division One concluded that these facts would have established defendant's guilt of the completed offense of kidnapping and that under the penalty scheme applicable to attempted crimes, the bargained-for, lesser charge of attempted kidnapping as a class 3 dangerous felony was appropriate. *See* A.R.S. § 13–110; *State v. Sanchez,* 174 Ariz. 44, 45, 846 P.2d 857, 858 (Ariz.App.1993). Further, the court concluded that defendant was entitled to no further reduction in penalty because the victim was not safely released. *Rainwater,* 187 Ariz. at 605, 931 P.2d at 1115. We agree.

Accordingly, we disapprove of Division Two's holding in *McMillen* that attempted kidnapping must always be classified as a class 5 felony and approve the Division One pronouncement in the instant case that attempted kidnapping may legitimately be classified as a class 3 felony.

### DISPOSITION

The trial court's order for resentencing is vacated. Defendant's class 3 felony conviction and ten-year sentence are affirmed.

ZLAKET, C.J., and FELDMAN, MOELLER and MARTONE, JJ., concur.

---

3. A.R.S. § 13–1304(A) states:

A person commits kidnapping by knowingly restraining another person with the intent to:
1. Hold the victim for ransom, as a shield or hostage; or
2. Hold the victim for involuntary servitude; or
3. Inflict death, physical injury or a sexual offense on the victim, or to otherwise aid in the commission of a felony; or

4. Place the victim or a third person in reasonable apprehension of imminent physical injury to the victim or such third person.
5. Interfere with the performance of a governmental or political function.
6. Seize or exercise control over any airplane, train, bus, ship or other vehicle.