[Cite as *State v. Hunter*, 2022-Ohio-4257.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 22-COA-002 |
| JERAMY HUNTER | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDINGS:      Appeal from the Ashland County Court of
Common Pleas, Case No. 20-CRI-060


JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      November 28, 2022


APPEARANCES:


For Plaintiff-Appellee      For Defendant-Appellant

CHRISTOPHER R. TUNNELL, ESQ.      JOHN FORRISTAL, ESQ.
Ashland County Prosecuting Attorney      Law Office of John Forristal
     P.O. Box 16832
NADINE HAUPTMAN, ESQ.      Rocky River, Ohio 44116
Assistant Prosecuting Attorney
110 Cottage Street, Third Floor
Ashland, Ohio 44805

*Hoffman, P.J.*

**{¶1}** Defendant-appellant Jeramy Hunter appeals the judgment entered by the Ashland County Common Pleas Court retaining jurisdiction over him pursuant to R.C. 2945.39 and committing him to the Department of Mental Health, Heartland Behavioral Healthcare, for a period of time not to exceed eight years. Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE FACTS AND CASE

**{¶2}** On February 23, 2020, Appellant accompanied his mother to the Walmart store in Ashland, Ohio, where his mother was having work done on her vehicle. The victim, A.T., was also in the store having tires put on her vehicle.

**{¶3}** While waiting for service on her car to be completed, A.T. wandered around the store. Appellant began to follow her. Appellant went into the women's restroom. When the victim entered the restroom, she told Appellant, "This is the women's restroom." Tr. 48. Appellant left the women's restroom, and went into the men's restroom.

**{¶4}** A.T. went into a stall, locked the door, and proceeded to use the restroom. She heard the door to the restroom open. Security video footage from the store showed Appellant re-enter the women's restroom. A.T. heard someone enter the stall next to her. She could not hear any sounds which would indicate the person next to her was using the restroom, and she believed the person was Appellant. She began to root around in her purse for a knife. She feared she would be raped or killed.

**{¶5}** Appellant exited his stall, and stood in front of A.T.'s stall, blocking her exit. She could see Appellant through the crack between the stall door and the door frame. Appellant attempted to get into the stall A.T. occupied. A.T. screamed, "Get out of here," and Appellant ran off. Tr. 50.

**{¶6}**    A.T. was afraid to leave the stall concerned Appellant might still be in the restroom.  When she did emerge, she was frantic and upset.  A.T. caught the attention of a man and his wife shopping in the store, who contacted the store manager.

**{¶7}**    Because Appellant was known to police from past contact, he was identified from the security video provided by Walmart as a person of interest.  On March 13, 2020, Det. Kim Mager of the Ashland City Police Department interviewed Appellant in her police cruiser, informing him he was free to leave at any time.  Appellant expressed he was lonely, tired of being single, and was looking for a girlfriend.  He stated he had not done methamphetamine for two weeks prior to the interview, and was not using drugs or alcohol on the day of the interview.  Appellant told the detective he wasn't going to rape the victim unless she was willing.  However, he did admit if he had been able to open the stall door, he intended to have sex with A.T. Appellant stated when the victim screamed at him to get away, he was afraid someone would hear and come after him, so he ran away. Appellant told the officer he was not going to go after women in this manner anymore, and was going to try to meet someone in a normal fashion.

**{¶8}**    Appellant was indicted by the Ashland County Grand Jury with attempted kidnapping (R.C. 2905.01(A)(4), R.C. 2923.02(A), R.C. 2923.02(E)(1)), a felony of the second degree, and abduction (R.C. 2905.02(A)(2)(b), a felony of the fourth degree.

**{¶9}**    On August 31, 2020, Appellant was found incompetent to stand trial.  On October 7, 2021, Appellant had not yet been restored to competency, and the trial court held a hearing on whether the trial court could retain jurisdiction over Appellant pursuant to R.C. 2945.39(A)(2).  The parties agreed based on the expert evidence submitted to the trial court Appellant met the requirements for retention pursuant to R.C. 2945.39(A)(2)(b),

and the only issue before the trial court was whether the State could establish by clear and convincing evidence Appellant committed the offense of attempted kidnapping.[1]

**{¶10}** Following an evidentiary hearing, the trial court found clear and convincing evidence to demonstrate Appellant had committed the offense of attempted kidnapping, and committed Appellant to the Department of Health, Heartland Behavioral Healthcare, for a period not to exceed eight years.

**{¶11}** It is from the December 30, 2021 judgment of the trial court Appellant prosecutes his appeal, assigning as error:

I. THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT'S OBJECTION TO THE SUBMISSION INTO EVIDENCE OF STATE'S EXHIBIT B, THE INTERROGATION OF JERAMY HUNTER, BECAUSE THE DETECTIVE USED A COERCIVE INTERROGATION TECHNIQUE THAT PRODUCES FALSE CONFESSIONS.

II. THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT'S OBJECTION TO THE SUBMISSION INTO EVIDENCE OF STATE'S EXHIBIT B, THE INTERROGATION OF JERAMY HUNTER, AS IT VIOLATED MR. HUNTER'S RIGHT TO REMAIN SILENT PURSUANT TO THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

III. THE TRIAL COURT ERRED WHEN IT GRANTED THE STATE'S MOTION TO RETAIN JURISDICTION OVER THE DEFENDANT

---

[1] The State could only request retention of jurisdiction over Appellant pursuant to R.C. 2945.39 where the charged offense is a felony of the first or second degree; therefore, the charge of abduction was not considered by the trial court in making its determination.

PURSUANT TO R.C. 2945.39(A)(2) AND COMMITTED APPELLANT TO THE DEPARTMENT OF MENTAL HEALTH, HEARTLAND BEHAVIORAL HEALTHCARE, FOR UP TO EIGHT (8) YEARS.

I.

{¶12} In his first assignment of error, Appellant argues his confession was not voluntary because of his mental illness, which rendered him incompetent to stand trial. He further argues the confession was not voluntary because of Det. Mager's use of the Reid technique in questioning Appellant, a technique he argues is known to produce false confessions.

{¶13} Appellant's argument concerning voluntariness of the confession is based solely on his mental illness. "A defendant's mental condition is but one factor in the totality of circumstances to be considered in determining voluntariness." *State v. Hughbanks*, 99 Ohio St.3d 365, 2003-Ohio-4121, 792 N.E.2d 1081, ¶ 61, *citing Colorado v. Connelly,* 479 U.S. 157, 164, 107 S.Ct. 515, 93 L.Ed.2d 473. While a defendant's mental condition may be a significant factor in the voluntariness calculus, this factor does not justify a conclusion a defendant's mental condition, by itself and apart from its relation to official coercion, should ever dispose of the inquiry into constitutional voluntariness. *Id.*

{¶14} We therefore find Appellant's significant mental illness standing alone did not render his conviction involuntary. Appellant raises further argument Det. Mager used a coercive interrogation method known as the Reid technique. He cites to outside material in his brief to support his claim the Reid technique produces false confessions. However, he did not present any of this material to the trial court, and did not argue the

officer used the Reid technique in questioning Appellant to the trial court. "It is well-settled law that issues not raised in the trial court may not be raised for the first time on appeal because such issues are deemed waived." *State v. Turpyn,* 5th Dist. Richland No. 2020 CA 0059, 2021-Ohio-1251, ¶ 29.

**{¶15}** Further, a proceeding to retain jurisdiction over a mentally ill defendant pursuant to R.C. 2945.39 is civil in nature, and consequently a person committed under the statute need not be afforded the constitutional rights afforded to a defendant in a criminal prosecution. *State v. Williams*, 126 Ohio St.3d 65, 2010-Ohio-2453, 930 N.E.2d 770, ¶ 37. R.C. 2945.39(B) specifically allows the trial court to consider "all relevant evidence, including, but not limited to, any relevant psychiatric, psychological, or medical testimony or reports, the acts constituting the offense charged, and any history of the defendant that is relevant to the defendant's ability to conform to the law." We find the trial court could consider Appellant's statement pursuant to this statute. As Appellant specifically argued in his post-hearing brief in the trial court, Appellant's mental illness and the leading nature of some of the questioning by the officer could be considered by the trial court in weighing the evidentiary value of the statement and judging its credibility.

**{¶16}** We find Appellant has not demonstrated his statement to Det. Mager was inadmissible because it was involuntary. The first assignment of error is overruled.

II.

**{¶17}** Appellant argues his confession was obtained in violation of the Fifth Amendment because Det. Mager did not read him his *Miranda* rights prior to interviewing him.

**{¶18}** As noted in Appellant's first assignment of error, a proceeding pursuant to R.C. 2945.39(B) is civil in nature.  Assuming arguendo Appellant was in "custody" at the time of his questioning and Miranda would apply, his statement would not be rendered inadmissible by the officer's failure to obtain a valid *Miranda* waiver:

Furthermore, even assuming appellant did not knowingly, intelligently, and voluntarily waive his rights under *Miranda*, the admissibility of the statement is not dependent upon the constitutionality of the waiver. Unlike a typical criminal prosecution, this case proceeded pursuant to R.C. 2945.39, which involves a civil proceeding. The privilege against self-incrimination, and thus the *Miranda* doctrine, concerns the use of compelled statements in criminal prosecution. Courts have noted that the principle proscribing the use of out-of-court statements in violation of *Miranda* is inapplicable to civil proceedings. See *Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976) ("[t]he Court has never held, and we decline to do so now, that the requirements of [*Miranda*] must be met to render pretrial statements admissible in other than criminal cases."); *In re Kuhn*, 4th Dist. Athens No. 1279, 1986 Ohio App. LEXIS 6173, *18–19 (Mar. 7, 1986); *Copley Twp. Trustees v. 10,600 in United States Currency*, 9th Dist. Summit No. 18985, 1998 Ohio App. LEXIS 6425, *9 (Dec. 30, 1998); *see also Williams, supra*, paragraph two of the syllabus ("[b]ecause R.C. 2945.39 is civil in nature, a person committed under the statute need not be afforded the constitutional rights afforded to a defendant in a criminal prosecution.") Therefore, even if

appellant did not execute a valid waiver, his statement was relevant and therefore admissible pursuant to R.C. 2945.39.

**{¶19}** *State v. Smith*, 11th Dist. Lake No. 2013-L-020, 2013-Ohio-5827, ¶ 23.

**{¶20}** We find even if *Miranda* warnings would have been required in this instant case for the admission of Appellant's statement in a criminal proceeding, the instant proceeding was civil in nature, and therefore *Miranda* was not applicable.

**{¶21}** The second assignment of error is overruled.

III.

**{¶22}** In his final assignment of error, Appellant argues the trial court erred in finding by clear and convincing evidence he committed the crime of attempted kidnapping. He argues there is no evidence he intended to engage in sexual activity with the victim. He also argues he released the victim in a safe place unharmed, thus reducing the offense to a third degree felony, for which the trial court could not retain jurisdiction over him.

**{¶23}** R.C. 2945.39(A) provides in pertinent part:

(2) On the motion of the prosecutor or on its own motion, the court may retain jurisdiction over the defendant if, at a hearing, the court finds both of the following by clear and convincing evidence:

(a) The defendant committed the offense with which the defendant is charged.

(b) The defendant is a mentally ill person subject to court order or a person with an intellectual disability subject to institutionalization by court order.

**{¶24}** Appellant was charged with attempted kidnapping in violation of 2905.01(A)(4):

(A) No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes:

(4) To engage in sexual activity, as defined in section 2907.01 of the Revised Code, with the victim against the victim's will[.]

**{¶25}** The Ohio Supreme Court has defined "clear and convincing evidence" as "[t]he measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty, as required beyond a reasonable doubt, as in criminal cases." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954); *In re: Adoption of Holcomb*, 18 Ohio St.3d 361, 481 N.E.2d 613 (1985). In reviewing whether the trial court based its decision upon clear and convincing evidence, "a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *State v. Schiebel*,

55 Ohio St.3d 71, 74, 564 N.E.2d 54, 60 (1990); *See also, C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978). If the trial court's judgment is "supported by some competent, credible evidence going to all the essential elements of the case," a reviewing court may not reverse that judgment. *Schiebel*, 55 Ohio St.3d at 74, 564 N.E.2d 54.

**{¶26}** Appellant first argues there was insufficient evidence to demonstrate he intended to engage in sexual activity with the victim against her will. The evidence presented at the hearing demonstrated after initially leaving the women's restroom when the victim told him to leave, he came back into the restroom. He entered the stall next to the victim, then stood in front of the door. He attempted to open the door to the stall in which the victim was using the restroom. Appellant admitted in his statement to Det. Mager he was much larger than the victim, who was a small woman. He told the detective he was lonely and tired of being single. While he stated several times to the detective he would not have raped the victim unless she was "willing," he did admit if he had been able to open the restroom stall, his intention was to engage in sex with the victim. During the incident the victim testified she was afraid she would be raped or killed, and was searching in her purse for a knife. After the incident, the victim was frantic and afraid to leave the restroom stall out of fear Appellant was still in the restroom. Appellant told the detective he left when the victim yelled at him because he was afraid other people would hear and come in the restroom.

**{¶27}** We find sufficient evidence from which the trial court could find Appellant intended to engage in sexual activity with the victim against her will.

**{¶28}** Appellant also argues the offense should be reduced to a felony of the third degree because he released the victim in a safe place, unharmed:

(C)(1) Whoever violates this section is guilty of kidnapping. Except as otherwise provided in this division or division (C)(2) or (3) of this section, kidnapping is a felony of the first degree. Except as otherwise provided in this division or division (C)(2) or (3) of this section, if an offender who violates division (A)(1) to (5), (B)(1), or (B)(2) of this section releases the victim in a safe place unharmed, kidnapping is a felony of the second degree.[2]

**{¶29}** The State argues Appellant could not release the victim in a safe place unharmed because by its very nature, a charge of attempted kidnapping is the result of an abandonment of the act of removing or restraining the victim's liberty for purposes of sexual activity prior to its completion; therefore, Appellant could not "release" the victim when he had never completed the act of restraining her for purposes of engaging in sexual activity against her will. While this appears to be a case of first impression in Ohio, the Wyoming Supreme Court, in construing a similar statutory provision regarding the release of a victim in a safe place unharmed, held:

We have previously held that kidnapping is a single crime described in Wyo. Stat. Ann. § 6–2–201(a) and (b), and that subsection (c), rather than

---

[2] Pursuant to R.C. 2923.02(E)(1), the offense of kidnapping was reduced from a first degree felony to a second degree felony because Appellant was charged with attempted kidnapping.

defining a lesser-included offense, describes mitigating conduct subsequent to the kidnapping that may allow for a reduced sentence. *Loomer v. State,* 768 P.2d 1042, 1046–47 (Wyo. 1989).

The appellant bears the burden of proving such mitigating conduct and, if competent evidence of such is produced, the question must be presented to the jury. *Id.* at 1047. It logically follows that, where there has not been a completed kidnapping, but instead an attempted kidnapping, the mitigating circumstances described in subsection (c) cannot occur. *See, e.g., Rainwater v. State*, 189 Ariz. 367, 368, 943 P.2d 727, 728 (Ariz. 1997) ("[A]s a matter of law, the reduction presupposes that all elements of a completed kidnapping have been established such that the victim has in fact been restrained."); and *Laraby v. State,* 710 P.2d 427, 428 (Alaska Ct. App. 1985) (The legislature's hope of encouraging the release of kidnap victims unharmed is unnecessary in the case of attempted kidnapping.).

We recognize the potential "anomaly" in the statute that a person who completes a kidnapping but releases the victim unharmed could be subject to a lesser penalty than a person who merely attempts a kidnapping, but anomalies created by statute are not to be corrected by the court. *Rainwater*, 943 P.2d at 728 n. 2. I

**{¶30}** *Rathbun v. State*, 2011 WY 116, 257 P.3d 29, ¶¶ 25-26.

**{¶31}** We agree with the reasoning of the Wyoming Supreme Court. As in Wyoming, the defendant must plead and prove the assertion he released the victim in a

safe place unharmed.  *State v. McKnight,* 107 Ohio St. 3d 101, 133, 2005-Ohio-6046, 837 N.E.2d 315.  We find as a matter of law, the reduction presupposes all elements of a completed kidnapping have been established, as a defendant who abandons the kidnapping before its completion cannot "release" the victim.[3]

{¶32}  The third assignment of error is overruled.

{¶33}  The judgment of the Ashland County Common Pleas Court is affirmed.

By: Hoffman, P.J.
Wise, John, J.  and
Delaney, J. concur

---

[3] An argument could be made Appellant completed the act of kidnapping by restraining the victim in the bathroom stall by blocking her exit and attempting to enter it.  If so, the degree of offense would be a first degree felony and the victim's release in a safe place unharmed would still result in a second degree felony qualifying for retained jurisdiction under R.C. 2945.39.  But because the State chose to charge Appellant with attempted kidnapping, a second degree felony, Appellant makes the argument for the additional reduction to a third degree felony utilizing R.C. 2923.02(E)(1) thereby rendering R.C. 2945.39 inapplicable.